```
                                              FILED IN THE
                                          U.S. DISTRICT COURT
                                     EASTERN DISTRICT OF WASHINGTON

                                           Apr 07, 2020
                                          SEAN F. McAVOY, CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KITTITAS RECLAMATION DISTRICT, a municipal corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>TETRA TECH, INC., a foreign corporation,<br><br>               Defendant. | No. 1:19-cv-03252-SMJ<br><br>**ORDER DENYING MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION** |

Before the Court, without oral argument, is Plaintiff Kittitas Reclamation District's Motion to Remand for Lack of Subject Matter Jurisdiction, ECF No. 2. Plaintiff asserts this case must be remanded because the contract giving rise to the dispute includes a forum selection clause establishing that Kittitas County, Washington Superior Court is the appropriate venue. *Id.* Defendant Tetra Tech, Inc. opposes the motion, arguing that (1) a separate contract governs and does not establish a forum for litigation, and (2) the forum selection clause does not deprive this court of subject matter jurisdiction. ECF No. 5. Having reviewed the stipulated pleading and the file in this matter, the Court is fully informed and denies the motion.

ORDER DENYING MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION – 1

Plaintiff filed this action in Kittitas County Superior Court asserting claims against Defendant for breach of contract and negligence. ECF No. 1-1. In the Complaint, Plaintiff asserts the parties entered into a Professional Services Consulting Agreement ("2016 Agreement"), contracting for Defendant to design, manage, administer, and coordinate a project to line portions of an existing dirt canal. *Id.* at 4–5. Defendant removed the action to this Court. ECF No. 1. Plaintiff asserts this action must be remanded to the state court because the 2016 Agreement contains a forum selection clause identifying the appropriate forum as the Superior Court of the State of Washington situated in the county in which Plaintiff is located. ECF No. 2 at 4. Defendant asserts a separate contract executed in 2017 ("2017 Agreement") governs this dispute and does not contain a forum selection clause and that the forum selection does not deprive the Court of jurisdiction. ECF No. 5 at 2. Plaintiff asserts the 2017 Agreement does not replace or supersede the 2016 Agreement and that the 2017 Agreement incorporates the same forum selection clause as the 2016 Agreement. ECF No. 14 at 1–2.

A forum selection clause does not deprive a federal court of subject matter jurisdiction. *Kamm v. ITEX Corp.*, 568 F.3d 752, 754 (9th Cir. 2009) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)). When a valid forum selection clause mandates venue in a non-federal forum, a motion to dismiss for

*forum non conveniens* is the appropriate method to enforce the clause. *Atlantic Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 60 (2013).

Plaintiff's motion to remand relies solely on the grounds that the 2016 Agreement's forum selection clause deprives this court of jurisdiction over the action. ECF No. 2. However, the Ninth Circuit has expressly rejected this argument. *M/S Bremen*, 407 U.S. at 12. As such, regardless of whether the 2016 Agreement or 2017 Agreement contains a forum selection clause, this Court is not deprived of subject matter jurisdiction and the motion to remand on that basis is denied.

Accordingly, **IT IS HEREBY ORDERED**:

Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction, **ECF No. 2**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 7th day of April 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge