Case 1:19-cv-03252-SMJ    ECF No. 29    filed 06/19/20    PageID.460    Page 1 of 8

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 19, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KITTITAS RECLAMATION DISTRICT, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>TETRA TECH, INC., a foreign corporation,<br><br>Defendant. | No.   1:19-cv-03252-SMJ<br><br>**ORDER GRANTING MOTION TO DISMISS OR REMAND FOR *FORUM NON CONVENIENS* AND REMANDING CASE** |

Before the Court, without oral argument, is Plaintiff Kittitas Reclamation District's Motion to Dismiss or Remand for *Forum Non Conveniens*, ECF No. 17. Plaintiff asserts this case must be remanded because the contract giving rise to the dispute includes a forum selection clause establishing that Kittitas County, Washington Superior Court is the only appropriate venue for a dispute as to the contract. *Id.* Defendant Tetra Tech, Inc. opposes the motion, arguing that a separate, superseding contract governs this dispute and does not establish a forum for litigation. ECF No. 19. Having reviewed the stipulated pleading and the file in this matter, the Court is fully informed, grants the motion, and remands this case to the Kittitas County Superior Court.

ORDER GRANTING MOTION TO DISMISS OR REMAND FOR *FORUM NON CONVENIENS* – 1

## BACKGROUND

Plaintiff filed this action in Kittitas County Superior Court asserting claims against Defendant for breach of contract and negligence. ECF No. 1-1. In the Complaint, Plaintiff asserts the parties entered into a Professional Services Consulting Agreement ("2016 Agreement"), under which Defendant would design, manage, administer, and coordinate a project to line portions of an existing dirt canal. *Id.* at 4–5. The 2016 Agreement was attached to the Complaint and incorporated by reference. *Id.* at 5, 12–52. Defendant removed the action to this Court. ECF No. 1.

Plaintiff now asserts the claims in the Complaint "arise from two processional consulting agreements," and that the 2016 Agreement contains a forum selection clause identifying the appropriate forum as the Superior Court of the State of Washington situated in Kittitas County, where Plaintiff is located. ECF No. 17 at 2–3. Plaintiff asserts the second consulting agreement (the "2017 Agreement") incorporated the 2016 Agreement. *Id.* at 3. Defendant asserts the 2017 Agreement did not incorporate the 2016 Agreement. ECF No. 19 at 3.

## LEGAL STANDARD

A district court may dismiss an action under the doctrine of *forum non conveniens* when a valid forum selection clause identifies a state court as the proper venue for a lawsuit. *Atl. Marine Constr. Co. v. United States Dist. Court*, 571

ORDER GRANTING MOTION TO DISMISS OR REMAND FOR *FORUM NON CONVENIENS* – 2

U.S. 49, 60 (2013). A valid forum selection clause also modifies the typical *forum non conveniens* analysis by removing the private interest factors, so that the Court evaluates only whether public interest factors weigh against dismissal. *Id.* at 64 (holding that where a valid forum selection clause controls, private interest factors "weigh entirely in favor of the preselected forum"). However, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 62. The party attempting to defy the forum selection clause bears the burden of showing that the forum selection clause does not apply. *Id.* at 63.

To interpret and enforce a forum selection clause, the Court applies federal law. *See Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). The Court may look to declarations outside of the pleadings to decide a motion for *forum non conveniens*. *U.S. Vestor, L.L.C. v. Biodata Info. Tech. AG*, 290 F. Supp. 2d 1057, 1062 n.1 (N.D. Cal. 2003) (citing *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988); *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 589–91 (9th Cir. 1996).

## DISCUSSION

**A.    Plaintiff's claims arise only under the 2016 Agreement**

First, the Court must determine whether a forum selection clause governs this

ORDER GRANTING MOTION TO DISMISS OR REMAND FOR *FORUM NON CONVENIENS* – 3

dispute. Defendant does not dispute that the 2016 Agreement contains a forum selection clause. *See* ECF No. 19 at 2. Neither party disputes that the 2017 Agreement does not itself contain the forum selection clause Plaintiff seeks to enforce, though Plaintiff asserts the clause from the 2016 Agreement was incorporated by reference. *Compare* ECF No. 17 at 2–3 (asserting the 2017 Agreement incorporated the terms of the 2016 Agreement by reference and that "[b]oth Consulting Agreements accordingly contain the same forum selection clause.") *with* ECF No. 19 at 11–12 (asserting the 2017 Agreement does not contain a forum selection clause and does not incorporate the 2016 Agreement terms by reference).

The Court, therefore, first looks to whether Plaintiff's claims arise under the 2016 Agreement, the 2017 Agreement, or both. Plaintiff is itself inconsistent on this issue. *See* ECF No. 17 at 6 (Plaintiff asserting "Plaintiff's contract breach and negligence claims arise out of Defendant's failure to perform the scope of work identified in both Consulting Agreements."); ECF No. 23 at 4 (Plaintiff asserting "2016 Contract work is the foundational cause for the canal not performing properly"). Defendant asserts the claims arise out of the 2017 Agreement. ECF No. 19 at 10.

However, a review of the Complaint itself reflects that the claims asserted therein arise only out of the 2016 Agreement. The Complaint discusses the Scope

ORDER GRANTING MOTION TO DISMISS OR REMAND FOR *FORUM NON CONVENIENS* – 4

1  of Work set forth in the 2016 Agreement, attaches and incorporates by reference

2  only the 2016 Agreement, and asserts a breach only of the terms of the 2016

3  Agreement. ECF No. 1-1 at 5–8. The Complaint challenges only Defendant's

4  allegedly deficient design under the terms of the 2016 Agreement and Defendant's

5  allegedly negligent work under the 2016 Agreement. *Id.* at 7–8 (referencing the

6  terms of the 2016 Agreement only).

7        The Complaint does reference conduct that appears to have occurred under

8  the 2017 Agreement, such as Defendant's failure to discover the design defect and

9  Plaintiff's authorization of Defendant's temporary repair work. *Id.* at 6. However,

10  while these issues may be relevant to damages, they do not form the basis of

11  Plaintiff's claims. Thus, as drafted, the Complaint is limited to a breach of the 2016

12  Agreement and negligence arising out of the performance of Defendant's duties

13  under the 2016 Agreement. Defendant's assertion that the claims arise under the

14  2017 Agreement and not the 2016 Agreement would be highly relevant to the merits

15  of Plaintiff's claims for breach of the 2016 Agreement and negligence related to the

16  2016 Agreement. However, it is irrelevant to whether the forum selection clause

17  applies to those claims. Because the Court finds the Complaint is limited to the 2016

18  Agreement, the Court does not reach the issue whether the 2017 Agreement

19  incorporated the terms of the 2016 Agreement.

20

B.   **The forum selection clause applies to this dispute**

The 2016 Agreement includes the following language: "In the event either party deem it necessary to institute legal action or proceeding to enforce any right or obligation under this AGREEMENT, this action shall be initiated in the Superior Court of the State of Washington, situated in the county in which [Plaintiff] is located." ECF No. 1-1 at 4. This language plainly applies to the breach of contract claims arising out of the 2016 Agreement and also applies to Plaintiff's negligence claim related to Defendant's conduct when executing the terms of the contract. *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (noting that "forum selection clauses can be equally applicable to contractual and tort causes of action," and finding plaintiff's tort claims within scope of forum clause because they related "in some way to rights and duties enumerated in the . . . contract").

C.   **Remand is appropriate**

"Only under extraordinary circumstances unrelated to the convenience of the parties" should a forum selection clause not be enforced. *Atl. Marine Constr. Co.*, 571 U.S. at 62. These extraordinary circumstances include where "(1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult

ORDER GRANTING MOTION TO DISMISS OR REMAND FOR *FORUM NON CONVENIENS* – 6

and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.'" *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)).

As an initial matter, Defendant incorrectly identifies the party bearing the burden on this issue. Under the modified *forum non conveniens* analysis for forum selection clauses adopted in *Atl. Marine Constr. Co.*, the burden is on the party resisting application of the forum selection clause to show that the clause does not apply. 571 U.S. at 63. Thus, because the Court has determined that a forum selection clause applies to these claims, Defendant bears the burden of showing that the clause should not apply.

Defendant has not alleged that any of the exceptional circumstances described above apply to this case. There are no allegations of fraud or overreach. The Court can find no basis for finding that "enforcement would contravene a strong public policy." To the contrary, contract and tort claims are the traditional province of state courts, and so public policy weighs toward litigating these claims in state courts. Nor can the Court find that litigating these claims in Kittitas County Superior Court would be gravely difficult or inconvenient for the parties. As such, the Court finds enforcing the forum selection clause is appropriate. Although the typical solution to enforcing a forum selection clause is dismissal, because this case was

ORDER GRANTING MOTION TO DISMISS OR REMAND FOR *FORUM NON CONVENIENS* – 7

removed to this Court from the correct forum, the Court finds that remand is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Dismiss or Remand for *Forum Non Conveniens*, **ECF No. 17**, is **GRANTED**.

2. All pending motions, including the Court's Order to Show Cause, **ECF No. 25**, are **DENIED AS MOOT**.

3. This matter is **REMANDED** to Kittitas County Superior Court, Case No. 19-2-00289-19, for further proceedings.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and a certified copy to the Clerk of the Superior Court of the State of Washington for Kittitas County, Case No. 19-2-00289-19.

**DATED** this 19th day of June 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING MOTION TO DISMISS OR REMAND FOR *FORUM NON CONVENIENS* – 8